IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORDARYL COLLINS**     **PETITIONER**

V.     NO. 4:13-CV-00169-DMB-SAA

**SHELBY POLICE DEPARTMENT;
CHIEF PATRICK JOHNSON; CALVIN
CRAIG; and ORLANDO JOHNS**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Cordaryl Collins for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted. Collins has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be **GRANTED** and the petition **DISMISSED** for failure to state a claim upon which relief could be granted.

### I.
### Facts and Procedural Posture

Collins was arrested on June 15, 2013, for being a felon in possession of a firearm. He was booked that day into the Bolivar County Regional Correctional Facility in Cleveland, Mississippi. The Shelby Police Department turned over their investigation to the District Attorney for prosecution.

### II.
### Discussion

As Collins has not been convicted and sentenced, he is a pretrial detainee and may proceed on his *habeas corpus* claim under 28 U.S.C. § 2241. *Braden v. 30 Judicial Circuit*

*Court of Kentucky*, 410 U.S. 484 (1973). "[F]ederal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493. Indeed, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976). A prisoner who seeks pretrial *habeas corpus* relief seeks one of two remedies:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id*. (emphasis added). "In other words, a federal court may generally consider a *habeas* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988). If a petitioner tries to prevent the state from completing the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83; *Braden*, 410 U.S. at 489.

In his petition, Collins states, "I want the courts to check into this matter with all righteous causes." Doc. #1 at 6. His request is general enough to cover both types of pretrial *habeas corpus* relief. To the extent that Collins seeks to have his charges dismissed, the request for *habeas corpus* relief is not an available remedy based on the allegations of the instant petition, absent "special circumstances." *See Dickerson v. State*, 816 F.2d 220, 227 (5th Cir.

1987) (citations omitted). The Sixth Amendment right to a speedy trial is not a *per se* "special circumstance." *Id*. To so hold "would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. In the present case, Collins alleges no "special circumstances" to warrant the disruption of the state's judicial process.

Further, to the extent that he wishes for the State to bring him expeditiously to trial, the Bolivar County District Attorney's Office and the Shelby Police Department are actively moving Collins's case forward. As such, the instant petition for a writ of *habeas corpus* will be **DISMISSED** for failure to state a claim upon which relief may be granted. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this the 22nd day of May, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**